■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LAWHORN, Appellant.— HERLIHY, J. Appeal by the defendant from a judgment of conviction of the crime of grand larceny in the first degree, entered in the Tompkins County Clerk's office on December 15, 1967. The appellant was indicted for burglary in the third degree and grand larceny in the first degree on October 9, 1967. The jury acquitted him on the burglary charge. It was admitted by appellant that he was in his car outside a store which was burglarized on the night of August 10, 1967 and that he did drive his car with the stolen goods to a place where the same were removed from his car. The only dispute upon the entire case was whether or not he was a principal in regard to the theft. The appellant's contention that the respondent did not show sufficient corroboration of the accomplice testimony before resting is without merit. There was an eyewitness identification of the car involved in the theft; the defendant was apprehended that evening in his car with the accomplice present and the stolen goods were eventually recovered at the place identified by the accomplice in his testimony. Additionally, the opening statement on behalf of appellant at the trial conceded his presence in the car with the stolen goods at the scene of the crime and that he had driven the accomplice with the merchandise to a friend's house. It was not necessary to directly corroborate the testimony of the accomplice as to what the appellant said during the course of the evening. As to the marshalling of the evidence and the charge of the court as to accomplice testimony, the charge was adequate. It is not necessary that the trial court charge the lesser degrees of a crime when no such request is made and in this case there was no evidence to suport a lesser degree of the crime charged. The court's charge was clear, concise and there were no objections or exceptions. There is, however, one aspect of the charge which requires comment. The court in charging grand larceny in the first degree referred to section 1294 of the former Penal Law and the subdivision thereof which concerns taking property from the person of another in the nighttime, but immediately thereafter the court defined the term "larceny" and then in detail set forth the elements necessary for conviction under the present facts. If there was error, it was corrected by the entire charge so that no prejudice resulted to the defendant. There is another issue not raised by appellant, but which this court considers so that any basis for reversal may be eliminated and thus preclude future collateral attacks on the judgment of conviction. The witness, Elizabeth Small, when testifying as to the accomplice Moody, was not permitted to testify as to certain conversations between the witness and Moody, for the purpose of impeaching his testimony, as to the defendant's participation in the burglary and theft. The defendant's attorney objected and properly excepted. The entire record is so overwhelmingly supportive of the verdict of the jury that the error, if such it be, is not sufficient to warrant a new trial. (See Code Crim. Pro., § 542.) The sentence was not excessive. The fact that other parties to the commission of the crime were given lighter sentences is not controlling. Judgment affirmed. Gibson, P. J., Herlihy, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, J.; Aulisi, J., not voting.